UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH PAUL YOUNG,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:25-CV-04045-RAL<br><br>OPINION AND ORDER DENYING § 2255 MOTION |

This is Joseph Paul Young's fifth 28 U.S.C. § 2255 case. A federal jury convicted Young of three counts of bank robbery in 2010 and this Court sentenced him to 216 months' imprisonment on each count to run concurrently. See United States v. Young, CR-08-40151. The United States Court of Appeals for the Eighth Circuit affirmed his convictions and sentence. United States v. Young, 644 F.3d 757 (8th Cir. 2011). Young filed his first § 2255 motion in 2011, alleging that his attorney had been ineffective. Young v. United States, CV-11-4140, Doc. 1. This Court denied the motion in a lengthy opinion and the Eighth Circuit denied Young a certificate of appealability. Id. Docs. 26, 41. Young filed his second § 2255 motion in 2015, duplicating in part claims that he had raised in his first petition and asserting that the Government had breached his plea agreement by introducing the factual basis statement from his plea to a bank robbery in West Virginia. Young v. United States, CV-15-4107, Docs. 1, 5. This Court denied Young's motion under 28 U.S.C. § 2255(h) because he had not received permission from the Eighth Circuit to file a second or successive petition. Id. Doc. 14. Young filed a third § 2255 motion later in 2015, Young v. United States, CV-15-4190, Doc. 1, and a fourth § 2255 motion in 2022, Young v. United States, CV-22-4033, Doc. 1. This Court dismissed both motions under § 2255(h) for failure to get permission

1

from the Eighth Circuit to file a second or successive petition. CV-15-4190, Doc. 3; CV-22-4033, Doc. 6.

Young has now filed his fifth § 2255 motion. Federal prisoners cannot file a "second or successive" § 2255 motion unless the motion is certified by the court of appeals. 28 U.S.C. § 2255(h). District courts lack jurisdiction to consider a successive § 2255 motion absent such certification. Boykin v. United States, 242 F.3d 373 (8th Cir. 2000) (unpublished per curiam). Young does not explain why his § 2255 motion is non-successive, but he does assert that he is relying on a new rule of constitutional law. Doc. 1 at 5. Even if true, Young's motion is successive. Although the phrase "second or successive" does not apply to every § 2255 motion filed numerically second, Panetti v. Quarterman, 551 U.S. 930, 943–44 (2007); United States v. Sellner, 773 F.3d 927, 930–31 (8th Cir. 2014), "a habeas petitioner cannot avoid the restrictions against 'second or successive' petitions, merely by showing that his claims are based on some new law or legal ruling, or some new factual circumstances, which did not exist when he filed a previous habeas petition," Martin v. Benson, 815 F. Supp. 2d 1086, 1092 (D. Minn. 2011); see also Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009) (rejecting argument that a petition is "non-successive if it rests on a rule of constitutional law decided after the petitioner's first habeas proceeding because such a claim would not have been previously available").

And Young's fifth § 2255 motion would fail even if it were not successive. A federal grand jury charged Young with three counts of bank robbery under 18 U.S.C. § 2113(a). The first paragraph of this statute—and the one under which Young was charged—makes it illegal to take money from a bank by "force and violence, or by intimidation." Id. Although it is not entirely clear, Young appears to argue that the Supreme Court's decisions in United States v. Davis, 588 U.S. 445 (2019), and United States v. Taylor, 596 U.S. 845 (2022), show that the jury instructions

on § 2113(a) in his criminal case were wrong. Davis and Taylor addressed 18 U.S.C. § 924(c), a statute that authorizes longer prison sentences for defendants who use a firearm in connection with "any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." Davis, 588 U.S. at 449. A crime of violence under § 924(c)(3) is an "offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Supreme Court in Davis held that § 924(c)(3)(B)—the residual clause—was unconstitutionally vague. Davis, 588 U.S. at 454–55, 470. And the Court in Taylor used the categorical approach to hold that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause in § 924(c)(3)(A). Taylor, 596 U.S. at 850–52. The categorical approach bars consideration of the facts of the defendant's crime; instead, the "only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." Id. Because a person could commit attempted Hobbs Act robbery without even threatening force, the Court held that it did not satisfy the elements clause. Id. at 851–52.

Young seems to argue that Taylor and Davis require that he be prosecuted under a categorical approach rather than a "conduct-based approach," and that the jury instructions should have reflected this. Doc. 1 at 5. But that is not correct. The categorical approach is a tool for determining whether the elements of the statute of conviction meet a particular federal standard. It has no place in determining whether Young's conduct at the banks violated § 2113(a). Indeed,

3

the first paragraph of § 2113(a) lacks any language like that in § 924(c)(3) suggesting that a categorical approach should apply. See Pereida v. Wilkinson, 592 U.S. 224, 233 (2021) ("The categorical approach is required, we have said, because the language found in [certain] statutes . . . don't task courts with examining whether an individual's *actions* meet a federal standard . . . but only whether the individual has been convicted of an *offense* that does so." (cleaned up and citation omitted)).

Rule 4 of the Rules Governing Section 2255 Proceedings requires district courts to dismiss a § 2255 motion if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Id. Because Young did not get permission from the Eighth Circuit to file a successive § 2255 motion, his motion must be dismissed for lack of jurisdiction.

Accordingly, it is

ORDERED that Young's Motion to Vacate, Set Aside, or Correct Sentence under § 2255, Doc. 1, is denied and dismissed for lack of jurisdiction. It is further

ORDERED that no certificate of appealability shall issue.

DATED this 31st day of October, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

4